IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY TERRELL FELDER,<br>AIS # 124974 | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15cv291-MHT |
| | ) | (WO) |
| | ) | |
| ALA. DEP'T OF CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the inmate plaintiff, Timothy Terrell Felder ("Felder"), complains that the defendants violated his rights secured by the Eighth Amendment. Felder names as defendants the Alabama Department of Corrections, Carter Davenport, Warden of Easterling Correctional Facility, and Correctional Officer Munchie Keeton. According to Felder, defendant Keeton intentionally and without warning slammed a segregation cell door shut, catching his pinky finger and crushing it in the door. Felder complains that defendant Davenport, as Warden, is responsible for his safety and well-being, and that Davenport failed to ensure that he was not injured by defendant Keeton. Felder also brings state law claims of negligence and assault and battery against the defendants. Felder seeks compensatory and punitive damages against these defendants. The court has jurisdiction of Felder's federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.

Pursuant to the orders of this court, the defendants filed a written special report and supporting evidentiary materials addressing the plaintiff's claims. In accordance with the order entered on June 12, 2015 (doc. # 12), the court deems it appropriate to treat the defendants' special report as a motion for summary judgment. The plaintiff was provided an opportunity to respond to the motion and has done so. Upon consideration of the motion, the plaintiff's responses, and evidentiary material filed in support of and in opposition to the motion, the court concludes that the motion for summary judgment is due to be granted.

## STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][1] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted) (footnote added); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine

---

[1] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

[dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movants may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322-324.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Once the movants meet their evidentiary burden and demonstrate the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in his favor. *Greenberg*, 498 F.3d at 1263.

Consequently, to survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs*., 276 F.3d 1275, 1276 (11th Cir., 2001); *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging the actions of the defendants). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest*

*Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles

of production and proof in a civil case.

## FACTS[2]

The pertinent facts are undisputed.  Felder was incarcerated at the Easterling Correctional Facility where he was housed in cell B1-14 in the segregation unit.  On March 25, 2015, defendant Keeton and another officer were routinely removing mattresses from segregation cells.  Keeton radioed Officer Lingo and requested that cell door B1-13 be opened.  Lingo instead opened the door to Felder's cell.  Felder was standing by the cell door when it opened.  Realizing that Lingo had opened the wrong cell door, Keeton immediately slammed the cell door closed.  Keeton did not realize Felder had his finger in the door when he shut the cell door but he did not yell a warning either.  Felder's pinky finger was caught between the door and the locking mechanism.  When Felder screamed in pain, Keeton radioed Lingo to open Felder's cell which released Felder's finger.

Felder was escorted to the Health Care unit for treatment.  He subsequently underwent surgery on his finger.

Felder filed this action on May 1, 2015.

## DISCUSSION

### A.  Absolute Immunity

With respect to any claims Felder lodges against the defendants in their official capacities, they are entitled to absolute immunity from monetary damages.  Official capacity

---

[2] The court construes the facts in a light most favorable to the non-movant, the plaintiff in this case. *See, e.g. Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990).

lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, [59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, there is no dispute that the defendants are state actors, and thus, are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities.  *Lancaster*, 116 F.3d at 1429; *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994).  The court concludes, therefore, that the defendants are entitled to summary judgment with respect the claims against them in their official capacities.

**B. Defendant Alabama Department of Corrections**

The law is well-settled that state agencies are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh

Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Moreover, the Alabama Department of Corrections is not a not person within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989). Thus, the Alabama Department of Corrections' motion for summary judgment is due to be granted and this defendant is due to be dismissed.

## C. Defendant Warden Davenport

Felder asserts that defendant Davenport is liable because, as Warden, he is responsible for Felder's safety and well-being.  To survive the motion for summary judgment, Felder must present evidence creating a genuine dispute of material fact.  Although a *pro se* plaintiff, Fedler is not absolved of his duty to provide the court with specific facts showing that there is a genuine dispute requiring resolution by trial. *Brown*, 906 F.2d at 670.  Neither Felder's complaint nor any evidentiary materials show that Warden Davenport had anything to do with any harm alleged by Felder.  Thus,  defendant Davenport is sued solely due to his position as Warden of Easterling Correctional Facility.  However, the law is well settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow

a plaintiff to hold supervisory officials liable for the actions of subordinates/employees under either a theory of respondeat superior or vicarious liability); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1115-1116 (11th Cir. 2005) (a prisoner simply cannot rely on theories of vicarious liability or respondeat superior to establish liability). Thus, Davenport is liable in this matter only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).

Felder does not allege that Davenport personally participated in the actions about which he complains. Additionally, Felder fails to present any facts which indicate a causal relationship between an action undertaken or policy enacted by Davenport and the alleged constitutional deprivations. A causal connection may be established when: (1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Mathews v. Crosby,* 480 F.3d 1265, 1270 (11th Cir. 2007); *Cottone*, 326 F.3d at 1360. Deprivations that constitute wide spread abuse sufficient to constitute notice to the supervising official must be "obvious, flagrant, rampant and of continued duration rather than isolated occurrences." *Brown*, 906 F.2d at 671. A

9

supervisory official "may be liable only for implementing a policy that is 'itself [ ] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.' *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2006). Felder fails to present any evidence indicating that there is a history of widespread abuse which placed Davenport on notice of a need to stop an alleged deprivation, that his customs or policies resulted in deliberate indifference to Felder's constitutional rights, or that he directed subordinates to act unlawfully or failed to stop them from doing so.

Because Felder does not allege that Davenport personally participated in the actions about which he complains, and he fails to present any facts which indicate a causal relationship between an action undertaken or policy enacted by Warden Davenport and the alleged constitutional deprivations, defendant Davenport's motion for summary judgment is due to be granted, and he is due to be dismissed as a defendant.

### D.  Defendant Officer Keeton

The plaintiff complains that defendant Keeton subjected him to excessive force when Keeton slammed shut his cell door without yelling a warning. An inmate plaintiff may state an Eighth Amendment claim by alleging an excessive use of force. *Thomas v. Bryant,* 614 F.3d 1288, 1303 (11th Cir. 2010); *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). The plaintiff can also raise an Eighth Amendment claim alleging deliberate indifference to "a risk of serious harm to the plaintiff." *Thomas,* 614 F.3d at 1312 quoting *Farmer v.*

10

*Brennan*, 511 U.S. 825, 828 (1994).  The standard applied to an Eighth Amendment claim contains both a subjective and objective component. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The subjective component requires that prison "officials act[ed] with a sufficiently culpable state of mind." *Id.* (internal quotations omitted).  Regarding the objective component, a plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. (internal quotations omitted).  Not every malevolent touch by a prison official amounts to a deprivation of constitutional rights.  *Id*. at 9.  Deliberate indifference is shown by establishing that the defendant had actual knowledge or awareness of an obvious risk to the plaintiff and failed to take steps to abate that risk.  *See Farmer*, 511 U.S. at 834.  "[D]eliberate indifference l[ies] somewhere between the poles of negligence at one end and purpose or knowledge at the other . . ." *Id.*, at 836.  Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).  Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate . . . safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Under this standard, a showing of negligence cannot establish a constitutional violation and mere negligent failure to protect an inmate from injury does not justify liability under section 1983.  *Rogers*, 792 F.2d at 1058; *see also Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

11

This case is before the court on the defendants' motion for summary judgment. In his response, Felder asserts that Keeton "intentionally slammed and kick (sic) Plaintiff's cell door B1-14 (Segregation) jamming and crushing the bone" in his left little finger  (Doc. # 13-1 at 2).  When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial.  *Brown, supra*.  The plaintiff has failed to produce evidence which would establish that Keeton had the requisite state of mind when he shut Felder's cell door.  The court finds that there is no evidence before it sufficient to support a finding that Keeton used force "maliciously and sadistically to cause harm." *See Hudson*, 503 U.S. at 7.

Felder points to no evidence that Keeton knew that Felder was at substantial risk of injury.  There is no evidence before the court that Keeton knew that Felder was standing behind the door or that his finger was in the locking mechanism when Keeton closed the door.  To defeat Keeton's motion for summary judgment, the plaintiff must present evidence creating a genuine dispute of material fact.  This he did not do.  Consequently, the court concludes that there is no evidence from which the court could conclude that the defendant's acted with deliberate indifference to a substantial risk of injury to Felder.

Even if the court were to assume that Keeton was negligent by failing to shout a warning that he was closing the cell door, mere negligence is insufficient to violate the

12

Constitution. *See generally Estelle v. Gamble*, 429 U.S. 97 (1976) and *Davidson v. Cannon*, 474 U.S. 344 (1986).  Thus, the court concludes that defendant Keeton is entitled to summary judgment on Felder's Eighth Amendment excessive force claim.

### E.  The State Law Claims

The court's exercise of supplemental jurisdiction over the remaining state law claims is discretionary.  Under 28 U.S.C. § 1367(c)(3), the court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed all claims over which it has original jurisdiction  . . . "  The court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims, and these claims are due to be dismissed without prejudice.

### CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion for summary judgment be GRANTED, that the plaintiff's federal claims be DISMISSED with prejudice, and his state law claims be DISMISSED without prejudice.  It is further RECOMMENDATION of the Magistrate Judge that costs be taxed against the plaintiff.  Finally, it is

ORDERED that the parties shall file any objections to this Recommendation on or before **June 23, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate

Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11ᵀᴴ Cɪʀ. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

       Done this 9th day of June, 2016.


                                                                  /s/Charles S. Coody
                                             CHARLES S. COODY
                                             UNITED STATES MAGISTRATE JUDGE

14